IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
DANVILLE DIVISION

| | |
|---|---|
| WILLIE BETTS, CRYSTAL BOYD, CHRISTINA CHADWICK, LARRY FAULKNER, ALKEISHA J. LEA, PAMELA M. MARABLE, KIRK MORRIS, SHEINA ROBINSON, KATRINA D. STANFIELD, BRIAN M. TUCKER, and TAMIKA KING WILLIAMS, <br><br> Plaintiffs, <br><br> v. <br><br> McDONALD'S CORPORATION, McDONALD'S USA, LLC, SOWEVA CO., 4040 HALIFAX ROAD LLC, 1010 PHILPOTT ROAD LLC, 200 VIRGINIA AVENUE LLC, and MICHAEL SIMON, <br><br> Defendants. | ) ) ) ) ) ) ) ) ) ) ) ) ) ) Civil Action No. 4:15cv00002 ) ) ) ) ) ) ) ) ) |

### DEFENDANT SOWEVA CO.'S
### MEMORANDUM OF LAW IN SUPPORT OF ITS MOTION TO
### DISMISS PLAINTIFF LEA'S TITLE VII RACE DISCRIMINATION CLAIM

Pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure, Defendant Soweva Co. ("Soweva")[1], by counsel, respectfully submits this Memorandum of Law in Support of its

---

[1] By submitting the Motion to Dismiss and Supporting Memorandum of Law, Soweva is not conceding that it was Plaintiff Lea's employer. To the contrary, Soweva was not Plaintiff Lea's employer. Moreover, Soweva is not even an employer subject to liability under Title VII because it did not employ the requisite number of employees. In addition, Defendants Soweva, 4040 Halifax Road LLC, 1010 Philpott Road LLC and 200 Virginia Avenue LLC specifically reject and deny Plaintiffs' definition of Soweva in the Amended Complaint. At no time has any EEOC Charge been filed against 4040 Halifax Road LLC, 1010 Philpott Road LLC or 200 Virginia Avenue LLC and, as such, they cannot be named as Defendants to Ms. Lea's Title VII claims contained in the Amended Complaint, including the one specifically at issue in this Motion to Dismiss. Soweva's Motion To Dismiss is filed under the auspices of dismissing any potential Title VII termination claim Plaintiff Lea had related to her August 28, 2014 Dismissal

Motion to Dismiss Plaintiff Alkeisha Lea's (hereinafter "Lea") Title VII Race Discrimination Claim.

## I. INTRODUCTION

In her April 20, 2015 Amended Complaint, Plaintiff Lea asserts a cause of action for race discrimination in violation of Title VII of the Civil Rights Act of 1964 ("Title VII"). Lea has no authority to bring this claim, however, because she received a Dismissal and Notice of Right to Sue from the Equal Employment Opportunity Commission ("EEOC") dated August 28, 2014 (hereinafter the "Right to Sue Notice"). The Right to Sue Notice provided Lea with ninety (90) days in which to file a lawsuit based on a claim of Title VII race discrimination, among others. The ninety (90) day deadline expired on or about November 29, 2014.[2] Lea failed to file a complaint in this Court alleging a cause of action for Title VII race discrimination until April 20, 2015.[3] As such, her claim is time-barred by the 90-day limitations period. Accordingly, Lea's Title VII race discrimination claim based on her May 12, 2014 termination, which she asserts in Count Four of the Amended Complaint, should be dismissed as a matter of law against any and all potential Defendants to which the August 28, 2014 relates.

## II. RELEVANT FACTUAL AND PROCEDURAL BACKGROUND

Plaintiff Lea is a former employee of an independently owned and operated McDonald's restaurant located in South Boston, Virginia. *See* Am. Compl. (Doc. No. 38) at ¶ 27. The

---

and Notice of Right to Sue letter against any potential Defendant to which the August 28, 2014 Dismissal and Notice of Right to Sue relates.

[2] The Court can presume that Lea received the Right to Sue Notice no later than August 31, 2014, which is three (3) days after it was mailed by the EEOC. *See Ish v. Arlington County*, 918 F.2d 955, *1 (4th Cir. 1990) (explaining that if the date of receipt of right-to-sue letter is unknown or in dispute, "courts presume receipt three days after mailing"). Ninety days after August 31, 2014 was November 29, 2014.

[3] Plaintiffs filed their original Complaint in this Court on January 22, 2015; however, Lea first raised her Title VII race discrimination claim in Plaintiffs' Amended Complaint filed on April 20, 2015.

Amended Complaint names an improper party, Soweva, as Plaintiff Lea's employer. Plaintiff's Lea's employer was 1010 Philpott Road LLC but no EEOC Charge has ever been filed against this entity by Plaintiff Lea. Lea's employment was terminated on May 12, 2014. *Id.* Following her termination and at some point prior to June 10, 2014, Lea filed a Charge of Discrimination with the EEOC (Charge No. 438-2014-00901) (hereinafter the "June 2014 Charge") against "McDonald's," located at 101 Philpott Road, South Boston, VA 24558 alleging the May 12, 2014 termination of her employment resulted from race discrimination in violation of Title VII. A true and accurate copy of Lea's June 2014 Charge is attached hereto as Exhibit A.[4] Lea checked the boxes for race, retaliation and age, reflecting the bases of the alleged discrimination set forth in her June 2014 Charge.[5] *Id.*

On August 28, 2014, the EEOC sent Lea the Right to Sue Notice. A true and accurate copy of the August 28, 2014 Right to Sue Notice is attached hereto as Exhibit B. The EEOC stated in the Right to Sue Notice that "[b]ased upon its investigation, the EEOC is unable to conclude that the information obtained establishes violations of the statutes." *Id.* Accordingly, the EEOC notified Lea that she could file a lawsuit based on the claims alleged in her June 2014 Charge within 90 days of her receipt of the Right to Sue Notice.[6] *Id.* Lea failed to file a lawsuit

---

[4] Lea's Charge is undated and the respondent is identified as "McDonald's." On June 10, 2014, the EEOC sent a Notice of Charge of Discrimination to Defendant Michael Simon (hereinafter "Simon"), the McDonald's independent franchisee whose company operates the independent McDonald's franchise restaurant at which Lea worked. *See* Ex. A.

[5] Lea claimed in her June 2014 Charge that she was discriminated against on the basis of her "age (38), in violation of the Age Discrimination in Employment Act of 1967, as amended." Since she admitted that her age was 38 at the time of her termination, Lea was not protected by the ADEA at such time.

[6] In addition to her Title VII race discrimination claim, the Right to Sue Notice also provided Lea 90 days in which to file a lawsuit alleging a Title VII racial harassment claim. Indeed, "[a]n administrative charge of discrimination does not strictly limit a Title VII suit which may follow; rather, the scope of the civil action is confined only by the scope of the administrative investigation that can reasonably be expected to follow the charge of discrimination." *Carpenter*

against any entity, including Soweva, by November 29, 2014, when the 90-day time period expired.

Rather, on or about November 4, 2014 – more than two months after she received the August 28, 2014 Right to Sue Notice – Lea filed a second charge of discrimination against Soweva Co., McDonald's Corporation, and McDonald's USA, LLC (Charge No. 438-2015-00147). Lea amended that charge on or about November 24, 2014 (hereinafter collectively the "November 2014 Charges"). In her November 2014 Charges, Lea asserted the same claim for race discrimination in violation of Title VII based on her termination of employment, among other claims. On February 27, 2015, the EEOC, upon request, issued Lea a Notice of Right to Sue as to the November 2014 Charges.

Lea, like the other Plaintiffs, filed her initial Complaint in this Court on January 22, 2015, and an Amended Complaint on April 20, 2015. Lea asserted two (2) claims in the initial Complaint under 42 U.S.C. § 1981 – one for race discrimination ("First Cause of Action") and one for racial harassment ("Third Cause of Action"). She did not assert any claims under Title VII.

In the April 20, 2015 Amended Complaint, Lea asserts five (5) causes of action: two (2) under 42 U.S.C. § 1981 and three (3) under Title VII. Specifically, Lea has raised a Title VII race discrimination claim against Soweva, based on her May 12, 2014 termination of employment. *See* Am. Compl. ¶¶ 216-23. Lea further alleges that she has "satisfied all the

---

*v. Virginia Dep't of Transp.*, No. 5:06CV00035, 2006 WL 3314436, at *4 (W.D. Va. Nov. 14, 2006) (quoting *Chisolm v. United States Postal Serv.*, 665 F.2d 482, 491 (4th Cir. 1981)). Because a Title VII racial harassment claim is "like or reasonably related to" and "can be expected to follow from a reasonable administrative investigation" of Lea's race discrimination claim, *see id.*, Lea should be precluded from raising such a claim in this Court after November 29, 2014. Nonetheless, Lea asserted a Title VII racial harassment claim in Count Six of the Amended Complaint. *See* Am. Compl. ¶¶ 233-38.

procedural and administrative requirements of Title VII by filing a timely written charge with the EEOC, receiving a notice of right to sue from the EEOC, and filing this complaint within 90 days from the receipt of the notice of right to sue." *Id.* ¶ 221. She attached to the Amended Complaint the February 27, 2015 Notice of Right to Sue she received (upon request) from the EEOC in response to her November 2014 Charges. *See* Doc. 38-1, p. 13.

Lea disregards, and fails to attach to the Amended Complaint, the August 28, 2014 Right to Sue Notice that corresponds to her June 2014 Charge – in which she alleged she was discriminated against because of her race when her employment was terminated on May 12, 2014 – and which explicitly provided her 90 days in which to sue on that basis.

Because Lea's right to sue based on her Title VII race discrimination claims expired on or about November 29, 2014, her purported cause of action in the Amended Complaint for the same claim is untimely and should be dismissed pursuant to Federal Rule of Civil Procedure 12(b)(6).

### III. STANDARD OF REVIEW

Statute of limitations defenses, like the ninety-day filing requirement applicable to Title VII claims, *see infra*, "are appropriately raised in Rule 12(b)(6) motions to dismiss for failure to state a claim." *Williams v. Enter. Leasing Co. of Norfolk/Richmond*, 911 F. Supp. 988, 992 (E.D. Va. 1995). In considering a 12(b)(6) motion to dismiss, a court "may consider documents attached to the complaint . . . as well as those attached to the motion to dismiss, so long as they are integral to the complaint and authentic." *Sec. of State for Defence v. Trimble Navigation Ltd.*, 484 F.3d 700, 705 (4th Cir. 2007); *see Lorenzo v. Rumsfeld*, 456 F. Supp. 2d 731, 734 (E.D. Va. 2006) (holding that where a "plaintiff's judicial complaint relies on informal and formal administrative complaints, these documents may be considered in ruling on a motion to dismiss,

without converting the Rule 12(b)(6) motion into a Rule 56 motion."). Where, as here, "it appears beyond doubt that plaintiff can prove no set of facts in support of [her] claim that would entitle [her] to relief, the complaint should be dismissed pursuant to Rule 12(b)(6)." *Lorenzo*, 456 F. Supp. 2d at 734.

### IV. ARGUMENT

#### A. Lea's Title VII Race Discrimination Claim Based on Her May 12, 2014 Termination Is Untimely and Should Be Dismissed.

"The limitation period in Title VII is clear—a civil litigant may bring his or her own suit within 90 days after receiving a right-to-sue letter from the EEOC." *Neal v. Xerox Corp.*, 991 F. Supp. 494, 498 (E.D. Va. 1998) (citing 42 U.S.C.A. § 2000e-5(f)(1)). If a prospective Title VII plaintiff fails to sue within the 90-day period, "the claimant forfeits the right to pursue the claim." *Darden v. Cardinal Travel Ctr.*, 493 F. Supp. 2d 773, 775 (W.D. Va. 2007) (citing *Baldwin County Welcome Center v. Brown*, 466 U.S. 147, 149–50 (1984)); *see also Ugbo v. Knowles*, 480 F. Supp. 2d 850, 851 (E.D. Va. 2007) ("Failure to meet this deadline precludes the Court from considering the merits of the claim."). The 90-day requirement "operates as a statute of limitations that must be construed strictly." *See Ugbo*, 480 F. Supp. 2d at 852; *see also Lewis v. Norfolk S. Corp.*, 271 F. Supp. 2d 807, 811 (E.D. Va. 2003) ("ninety-day requirement operates as a statute of limitations that bars subsequently filed suits"). In other words, "a legal action pursuant to Title VII 'survives for a period of 90 days, after which it is forever extinguished.'" *Spain v. Virginia Com. Univ.*, No. 3:09CV266, 2009 WL 2461662, at *5 (E.D. Va. Aug. 11, 2009) (quoting *EEOC v. Cleveland Mills Co.*, 502 F.2d 153, 155–56 (4th Cir. 1974)).

Plaintiff Lea failed to file a Title VII wrongful termination claim with this Court within 90 days of receiving the Right to Sue Notice as to her June 2014 EEOC Charge. The August 28, 2014 Right to Sue Notice explicitly states, "Your lawsuit must be filed <u>WITHIN 90 DAYS</u> of

your receipt of this notice; or your right to sue based on this charge will be lost." *See* Ex. B. The last day on which Lea could have filed suit under Title VII based on her race discrimination as alleged in her June 2014 Charge was on or about November 29, 2014. Despite the 90-day deadline, Lea did not file a lawsuit on that basis until April 20, 2015 – well outside the 90-day limitations period – which precludes the Court from considering any Title VII race discrimination claim based on her May 12, 2014 termination.

The fact that Lea received a second Notice of Right to Sue dated February 27, 2015 as to her subsequent charges of discrimination (the November 2014 Charges) is inapplicable to her ability to pursue a claim based on the allegations contained in her June 2014 Charge. *See Howard v. Am. Inst. of Certified Pub. Accountants*, No. 1:08CV483, 2008 WL 5232794, at *3 (M.D.N.C. Dec. 12, 2008), *rept. and recomm. adopted,* 2009 WL 1173017 (M.D.N.C. Apr. 27, 2009). Indeed, "the 90-day limitations period would be 'meaningless' if 'potential Title VII plaintiffs could evade those requirements simply by seeking additional Notices of Right to Sue whenever they pleased.'" *Id.* (quoting *Lo v. Pan Am. World Airways, Inc.,* 787 F.2d 827, 828 (2d Cir. 1986)).

As Lea failed to file a Title VII race discrimination claim based on her May 12, 2014 termination (the Fourth Cause of Action in the Amended Complaint) within 90 days of her receipt of the EEOC's Dismissal and Notice of Rights letter dated August 28, 2014, that claim is time-barred and should be dismissed as a matter of law.

## V. CONCLUSION

Under the well settled law of this jurisdiction, Plaintiff Lea cannot maintain a cause of action against Soweva or any other potential defendant to which the August 28, 2014 Dismissal and Notice of Right to Sue relates, for race discrimination in violation of Title VII, because she

failed to file suit alleging such a claim within 90 days of her receipt of the EEOC's Right to Sue Notice. Therefore, for the reasons stated above, Soweva respectfully requests that this Court dismiss Plaintiff Alkeisha Lea's Fourth Cause of Action against Soweva and any other defendant to which the August 28, 2014 Dismissal and Notice of Right to Sue relates, with prejudice, for failure to state a claim upon which relief can be granted.

Dated: May 20, 2015

>
> Respectfully submitted,
>
> **SOWEVA CO.**
>
> By: */s/ Susan Childers North*
> Susan Childers North (VSB No. 43068)
> LECLAIRRYAN, A PROFESSIONAL CORPORATION
> 5425 Discovery Park Blvd., Suite 200
> Williamsburg, Virginia 23188
> 757.941.2801
> 757.941.2879 (fax)
> susan.north@leclairryan.com
>
> Kelvin L. Newsome (VSB No. 34478)
> LECLAIRRYAN, A PROFESSIONAL CORPORATION
> 999 Waterside Drive, Suite 2100
> Norfolk, Virginia 23510
> 757.441.8938
> 757.624.3773 (fax)
> kelvin.newsome@leclairryan.com
>
> ***Counsel for Soweva Co.***

## CERTIFICATE OF SERVICE

I hereby certify that on this 20th day of May, 2015, I filed the foregoing with the Clerk of Court using the CM/ECF system, which will then send notification of such filing to the following:

Narendra K. Ghosh (admitted *pro hac vice*)
Paul E. Smith (admitted *pro hac vice*)
Patterson Harkavy LLP
100 Europa Drive, Suite 420
Chapel Hill, NC 27517
919-942-5200
866-397-8671 (fax)
nghosh@pathlaw.com
psmith@pathlaw.com

Virginia R. Diamond
Ashcraft & Gerel, LLP
4900 Seminary Road, Suite 650
Alexandria, VA 22311
703-627-5510
703-820-0630 (fax)
vdiamond@ashcraftlaw.com

*Counsel for Plaintiffs*

Elizabeth M. Ebanks (VSB No. 72111)
elizabeth.ebanks@ogletreedeakins.com
Nancy S. Lester (VSB No. 77283)
nancy.lester@ogletreedeakins.com
OGLETREE, DEAKINS, NASH, SMOAK &
STEWART, P.C.
Riverfront Plaza - West Tower
901 East Byrd Street, Suite 1300
Richmond, VA 23219
(804) 663-2334
(804) 225-8641 (facsimile)

Michael H. Cramer (Admitted *Pro Hac Vice*)
Illinois Bar No. 6199313
michael.cramer@ogletreedeakins.com
OGLETREE, DEAKINS, NASH, SMOAK &
STEWART, P.C.
155 North Wacker Drive, Suite 4300
Chicago, Illinois 60606
(312) 558-1240
(312) 807-3619 (facsimile)

*Counsel for Defendants McDonald's*
*Corporation and McDonald's USA, LLC*

/s/ Susan Childers North
Susan Childers North (VSB No. 43068)
LECLAIRRYAN, A PROFESSIONAL CORPORATION
5425 Discovery Park Blvd., Suite 200
Williamsburg, Virginia 23188
757.941.2801
757.941.2879 (fax)
susan.north@leclairryan.com

*Counsel for Soweva Co.*

16014466.1